UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE CAPRONI

In the Matter of the Arbitration Between

CREDIT SUISSE SECURITIES (USA) LLC,

                        Petitioner,

v.

WILLIAM LARRY RICHMOND,

                        Respondent.

Case No. 15-CV-3341

PETITION TO CONFIRM ARBITRATION AWARD

JUDGE CAPRONI



RECEIVED APR 29 2015 U.S.D.C. S.D.N.Y.

Petitioner Credit Suisse Securities (USA) LLC ("Credit Suisse" or "Petitioner"), by its undersigned counsel, hereby petitions this Court, pursuant to 9 U.S.C. § 9, for an order confirming the arbitration award delivered to the parties on or about March 30, 2015 against Respondent William Larry Richmond ("Richmond"), conducted under the auspices of JAMS in New York, New York.

## PARTIES

1.    Petitioner Credit Suisse is, and at all relevant times has been, one of the world's leading financial institutions and a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business at Eleven Madison Avenue, New York, New York 10010. Credit Suisse is a citizen of Delaware and New York because its sole member is Credit Suisse (USA), Inc., a Delaware corporation with its principal place of business located in New York, New York.

2.    Respondent Richmond is a former Credit Suisse employee. Upon information and belief, Richmond is a citizen of North Carolina and resides at 1229 Hadley Park Lane, Weddington, North Carolina 28104.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the current dispute pursuant to 28 U.S.C. § 1332, which grants subject matter jurisdiction to courts in all civil actions where the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties.

4. Venue is proper in this Court pursuant to 9 U.S.C. § 9 as the underlying arbitration took place in New York, New York. Separately and independently, venue is proper in this Court pursuant to 28 U.S.C § 1391 because a substantial part of the events giving rise to the underlying arbitration occurred within this District.

## FACTUAL BACKGROUND

**The Parties' Agreement to Arbitrate**

5. Richmond was employed by Credit Suisse as a Relationship Manager ("RM") in the Private Banking USA division of Credit Suisse beginning in April 2009.

6. Pursuant to Richmond's Offer Letter from Credit Suisse ("Offer Letter"), which he signed on April 16, 2009, Richmond is subject to the Credit Suisse Employment Dispute Resolution Program (the "EDRP"). (Affirmation of Alexander C. B. Barnard ("Barnard Aff.") Ex. 1 at ¶ 13.)

7. On April 20, 2009, Richmond also executed Credit Suisse's Agreement to Use Employment Dispute Resolution Program Procedures, confirming "that I will submit all claims I may from time to time have against Credit Suisse . . . that relate to or arise from my employment or termination (including manner of termination) of employment . . . to and in accordance with dispute resolution procedures under the [EDRP]." (Barnard Aff. Ex. 2.)

8. The EDRP states that Credit Suisse is "required to bring any claims it may have against employees located in the U.S. under the [EDRP] if the claims are of the type covered by the [EDRP]." (Barnard Aff. Ex. 3 at 1.)

9. The EDRP covers actions for breach of contract. (*Id.*)

10. The EDRP further requires Credit Suisse and its employees to arbitrate employment related claims in New York City. (*Id.* at 7.)

**The Arbitration**

11. Pursuant to the EDRP, Credit Suisse filed a written demand for arbitration and statement of claim against Richmond on August 12, 2014 with JAMS, one of the two arbitration fora permitted under the EDRP. (Barnard Aff. Ex. 4.) Credit Suisse alleged in its statement of claim that Richmond breached his contractual obligations to repay Credit Suisse for principal and interest due on the Promissory Note he executed with Credit Suisse (the "Note") (Barnard Aff. Ex. 1 at Ex. B), as well as applicable costs and attorneys' fees.

12. Richmond did not file an answer to Credit Suisse's statement of claim other than to submit a letter dated October 21, 2014, acknowledging his awareness of the JAMS arbitration proceedings filed against him. (Barnard Aff. Ex. 5.) Richmond did not challenge his contractual and legal obligations to repay Credit Suisse for the due and outstanding amounts he owed on the Note, but he requested that the arbitration be brought to a close on the unsubstantiated ground that "I currently have no assets . . ." (*Id.*) Credit Suisse did not consent to dismiss the JAMS arbitration proceedings with Richmond.

13. By letter dated December 29, 2014, JAMS served both Credit Suisse and Richmond by e-mail and U.S. mail with written notification that a preliminary conference call

3

had been scheduled with the Arbitrator, The Honorable Anthony J. Carpinello (Ret.), for January 14, 2015 at 10:00 a.m. (Barnard Aff. Ex. 6.)

14. Although in-house and outside counsel for Credit Suisse participated on the conference call with Judge Carpinello on January 14, 2015, Richmond failed to join the call or otherwise communicate with either JAMS or Credit Suisse about his inability to participate on the conference call. As a result of Richmond's refusal to participate in the January 14 conference call, the Arbitrator issued a letter to the parties dated January 28, 2015, permitting Credit Suisse to file and serve on Richmond a Motion for Summary Disposition. (Barnard Aff. Ex. 7.)

15. Accordingly, Credit Suisse filed its Motion for Summary Disposition on January 30, 2015. (Barnard Aff. Ex. 8.)

16. Richmond filed a letter in response to Credit Suisse's Motion for Summary Disposition dated February 6, 2015. (Barnard Aff. Ex. 9.) Again, Richmond did not deny Credit Suisse's allegation of his default on his repayment obligations under the Note; rather, Richmond simply reiterated his unsubstantiated claim that he had no income or assets and further alleged that he was "wrongfully terminated." (*Id.*)

17. On February 27, 2015, Credit Suisse filed a brief reply to Richmond's February 6 letter, explaining that Richmond had breached the parties' Settlement Agreement dated December 10, 2012, pursuant to which Richmond promised to repay $524,263.13 to Credit Suisse, representing the then due and outstanding principal balance due on the Note. (Barnard Aff. Ex. 10.) Under the terms of the parties' Settlement Agreement, Richmond also expressly agreed to release any and all claims against Credit Suisse—including but not limited to any claims for wrongful termination.

18.     On March 8, 2015, Judge Carpinello issued his Decision on Motion and Interim Award in favor of Credit Suisse, granting Credit Suisse's application for summary disposition and awarding it $524,263.13 for the unpaid balance due by Richmond under the Note. (Barnard Aff. Ex. 11.) Judge Carpinello also invited Credit Suisse to submit an application for interest due on the Note, as well as the assessment of reasonable costs and attorneys' fees consistent with the terms of the Note.

19.     Following Credit Suisse's submission of its March 25, 2015 application for interest on the Note and reimbursement of its reasonable attorneys' fees, Judge Carpinello issued his Final Award on March 30, 2015, granting Credit Suisse the additional sums of $63,051.44 for interest due on the Note and $99,267.60 for its attorneys fees. (Barnard Aff. Ex. 12.)

20.     As a result, the total award in favor of Credit Suisse against Richmond is $686,582.17.

21.     This petition is brought within one year after the delivery of the Final Award to the parties. The Final Award has not been vacated or modified on any ground.

**WHEREFORE**, Credit Suisse respectfully requests that this Court issue an Order and Judgment:

1.     Confirming the Arbitrator's Final Award in all respects, and directing that Judgment be entered thereon in this Court in the amount of $686,582.17;

2.     Awarding Credit Suisse its costs and disbursements incurred in connection with this proceeding; and

3.     Awarding Credit Suisse such other and further relief as this Court may deem proper.

Dated: New York, New York
April 29, 2015

                                              DEWEY PEGNO & KRAMARSKY LLP

By: _____
Stephen M. Kramarsky
David C. Marden
777 Third Avenue – 37th Floor
New York, New York 10017
(212) 943-9000

CREDIT SUISSE SECURITIES (USA) LLC
Alexander C. B. Barnard
One Madison Avenue – 9th Floor
New York, New York 10010
(212) 325-2000

*Counsel for Credit Suisse Securities (USA) LLC*